Silvio Durán Vázquez, Plaintiff and Appellant, *v.* Heirs of
Emilio B. Durán, composed of his widow, Monserrate
Rivera, and his sister, Ana Inés Durán, Defendants and
Appellees.

No. 8045.   Argued November 13, 1939.—Decided November 17, 1939.

*Felipe Colón Díaz* for appellant.   *Fernando B. Fornaris* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

In the above entitled case the complaint prayed for the annulment of the holographic will of Emilio B. Durán; that his brothers Salvio and Ana Inés Durán Vázquez be declared his sole and universal heirs; that the judgment of the District Court of Ponce ordering the protocolization of said will be annulled; that the defendant return to the plaintiff the amount of $1,200 received by her from the proceeds of a certain compensation given to the grantor by reason of the damages suffered at the sinking of the S.S. Carolina, and finally that the defendant, Monserrate Rivera widow of Durán be ordered to pay costs, expenses and attorney's fees.

It was alleged by the plaintiff Salvio Durán, brother of the testator, that the will had been forged, and the signature

of the alleged testator was impugned as well as the writing in the body of the will. The case went to trial and the District Court of Ponce dismissed the complaint, with costs to the plaintiff, because it considered that the will was authentic and that although the date appeared to have been erased and written over, the erasure was made after the will had been protocolized by order of said district court.

The plaintiff appealed to this Court and the judgment was affirmed in its entirety. *Durán* v. *Durán,* 53 P.R.R. ___.

In due time the defendants filed their bill of costs in the district court and after a hearing and the admittance of evidence from both sides, the court entered an order which as far as pertinent says as follows:

"The court, deciding now the aforesaid bill of costs, disbursements and attorney's fees, does it as follows:

| | |
|---|---:|
| "Clerk's fees | $11.00 |
| "Taking deposition from witness Pedro Albizu Campos | 5.00 |
| "Travelling expenses from San Juan to Ponce of witness R. Cintrón | 10.00 |
| "Fees of expert Issac Jackson | 100.00 |
| "Attorney's fees | 800.00 |
| | $926.00." |

The defendant did not agree to the last two items of the order approving the bill of costs, that is, that granted as fee to the handwriting expert, Mr. Jackson, and that of attorney's fees; and filed an appeal to this Court.

Appellee filed a motion requesting the dismissal of the appeal under the mistaken impression that appellant had not perfected the appeal although the term therefor had expired in excess and it had not requested extensions.

Appellee being later convinced that appellant had requested and obtained extensions to file its brief, the last and only requirement that it needed to perfect this appeal, on October 27 filed a second motion to dismiss, which was duly notified to appellant, seeking the dismissal of the appeal as frivolous. The appellant filed on the 11th of this month a

pleading entitled "Opposition to the motions for dismissal dated July 24 and October 27 filed by defendant appellee" and on the same day presented its brief in support of said motion.

After a hearing on both motions on October 13th, at which only appellee's attorney appeared, the case was submitted to our consideration.

From the evidence presented at the hearing on the bill of costs, we find that the expert Jackson, before the day set for the trial, spent a day and a half in the District Court of Ponce studying and comparing the signature and writing of the will with other signatures and writings of the testator accepted to be authentic. He had to go to Juana Díaz with appellee's attorney to examine other documents written by the testator, and attended the trial, which lasted three days that were not consecutive.

Appellant's attorney maintains that the fees for this expert should be set at $6.00 which is what The People of Puerto Rico pays to the medical experts who appear to testify on behalf of the Government in criminal cases. He also argues that the expert Mr. Timothée, who appeared and testified for plaintiff, only charged $25 for his services.

The fact that The People of Puerto Rico only pays $6 to the medical experts called by the Government in criminal cases, cannot be taken as basis to fix the fees of experts who appear before the courts in suits between private parties. It is the duty of every citizen to cooperate with the Government in the correct administration of justice, and in the same way that the Government set the compensation of such medical experts at $6, it could have provided by legislation therefor that their services in appearing to testify as experts in such cases should be gratuitous. See 4 Wigmore on Evidence 683.

The fact that Mr. Timothée only charged $25.00 for his services as handwriting expert, does not bind witness Jackson. The reasons that Mr. Timothée may have had to charge

**618**

$25 do not appear from the record; but in any case, charging for his work is a right he has and to which he may renounce fully or in part, and said waiver does not and cannot affect the right of other experts to collect the reasonable value of their services.

Considering the work performed by expert Jackson as appears from the evidence, and taking into account the importance of the case wherein he testified, we cannot hold that the judge of the lower court abused his discretion in approving said item for the amount that has been stated.

The amount approved for attorney's fees, that is, $800, is not excessive either, in our judgment, if one takes into account the nature of the suit, the amount involved and the additional fact that a certain amount of obstinacy must have existed on the part of plaintiff in the prosecution of this action since the lower court taxed him with costs, not excluding attorney's fees, when according to the act then in force said finding was left to the discretion of the lower court, taking into account the degree of guilt or obstinacy of the losing party.

What has been stated leads us to the conclusion that the appeal filed by plaintiff-appellant is to all purposes frivolous, and this being so, it must be dismissed.